## ROSS v. BRUSIE.*

No. 9965; February 26, 1886.

10 Pac. 121.

**Mortgage—Deed Absolute—Evidence—Book Accounts.**—In proceedings for redemption from a mortgage, where the question at issue is whether a deed absolute in form with an agreement for reconveyance was intended as a mortgage or not, a book of account cannot be introduced in evidence to show that defendant credited plaintiff with the alleged purchase price of the lot in controversy.

APPEAL from Superior Court, County of Stanislaus.

L. J. Maddux and Wright & Hazen for appellant; W. E. Turner for respondent.

SEARLS, C.—This is an action to redeem a lot of land in the town of Modesto. A deed, absolute in form and purporting to be in consideration of two hundred and fifty dollars was executed and delivered by plaintiff to the defendant. The latter at the same time delivered to the former a bond, by which he bound himself to convey to the former, at any time within two years, the same property upon the payment to him of two hundred and fifty dollars. Plaintiff failed within the two years to tender the sum mentioned in the bond, but subsequently did make such tender, and demanded a deed from defendant, which was refused. The question for determination in the court below was whether the transactions, taken together, constituted a mortgage. It was held that they did not. The finding is that the deed was not given as security, but was executed and delivered by plaintiff to defendant in pursuance of a sale of the property in question. There is testimony in support of the facts as found by the court, and the conclusions of law and judgment are in consonance with the facts. At the trial, defendant was permitted to introduce in evidence, against the objection of plaintiff, his book of account for the purpose of showing that he credited plaintiff with two hundred and fifty dollars, the alleged purchase price of the lot of land concerning which

---

*For subsequent opinion in bank, see 70 Cal. 465, 11 Pac. 760.

the controversy arose. The entries made by a party in his books of account are admissible in his own favor under certain limitations and for certain specific purposes: 1 Greenleaf on Evidence, sec. 118. This, however, is an exception to a general rule which holds that a party cannot make evidence in his own favor. The proffered evidence was not properly within any exception to be found in the reported cases, and should have been excluded. For this error the judgment and order appealed from should be reversed, and a new trial ordered.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.